UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES MARCUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV2217 JCH |
| ) | |
| RETIREMENT PLAN FOR ) | |
| HOURLY-RATED EMPLOYEES OF ) | |
| NORANDA ALUMINUM ) | |
| ) | |
| and ) | |
| ) | |
| NORANDA ALUMINUM, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 37) and Defendants' Motion Under Rule 56(d) for Additional Discovery (ECF No. 43). These matters have been fully briefed and are ready for disposition.

**BACKGROUND**

Plaintiff is a former employee of Defendant Noranda Aluminum, Inc. ("Noranda") and a participant in the Retirement Plan for Hourly-Rated Employees of Noranda Aluminum, Inc. (the "Plan"), an "employee benefit plan" and a "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). (Affidavit of James Marcum ("Marcum Aff."), ECF No. 38-1, ¶1; Complaint ("Compl."), ECF No. 1, ¶4). Noranda sponsored and is the administrator for the Plan. (Marcum Aff., ¶¶8-9). The Plan Document provides for early retirement benefits, known as the "Rule of 65"

benefits. (Marcum Aff., ¶10).[1] In order to qualify for Rule of 65 benefits, a participant must satisfy all three of the following:

    (a)    Have completed at least 20 years of service on his/her last day of work;

    (b)    Have been absent from work for two years (or Noranda determines his/her return to work is unlikely before the two year period), due to:

        (i)    Permanent and total disability, or

        (ii)    Layoff.

    (c)    Have his/her age plus years of service at the end of the period of the absence exceed 65. (Marcum Aff., ¶10; Compl., ¶6). The Plan Document defines "permanent and total disability" as "permanent incapacity resulting in the Employee's being unable to engage in any employment or occupation of the type covered by the Basic Agreement and, in the opinion of a qualified physician, such incapacity will be permanent and continuous during the remainder of his life." (Marcum Aff., ¶11; ECF No. 38-3).

On November 2, 2009, Plaintiff applied for Rule of 65 benefits. (Marcum Aff., ¶12; Compl., ¶9). Plaintiff claimed that he was disabled due to his obstructive sleep apnea ("OSA") and obesity. (Wendy Boehme Declaration ("Boehme Dec."), ECF No. 40-2, ¶11; Marcum Aff., ¶5).[2] Plaintiff's

---

[1] The Plan Document is found at ECF No. 38-3.

[2] Plaintiff makes much of an April 15, 2009 letter from Clarence Frederick Eisenbach. This letter, however, is irrelevant to this Court's determination. First, the letter was sent by a Noranda employee with no affiliation to the Plan. (Defendants' Suggestions in Opposition to Plaintiff's Motion for Summary Judgment and Suggestions in Support of Motion Under Rule 56(d) for Additional Discovery ("Response"), ECF No. 40, p. 13; Defendants' Surreply in Opposition to Plaintiff's Motion for Summary Judgment ("Surreply"), ECF No. 51, pp. 2-3). In addition, the letter was sent in response to Plaintiff's extended absence from work and Plaintiff's self-declared intention not to return to work. (Surreply, pp. 2-3). Finally, this letter was sent prior to Plaintiff applying for Rule of 65 benefits and could not have been the result of a review of any of Plaintiff's medical records. (Response, p. 13).

application was denied by the Plan on March 25, 2010.  (Marcum Aff., ¶13; Compl., ¶9).  The Plan provided an opinion from the Medical Review Institute of America, Inc ("MRI")[3] to support the denial of Rule of 65 benefits for Plaintiff.  (Marcum Aff., ¶13).  On May 20, 2010, Plaintiff appealed the denial of Rule of 65 benefits as outlined in the Plan's appeal procedure.  (Marcum Aff., ¶14; Compl., ¶10).  Plaintiff provided medical evidence in support of his appeal, including evidence that he had been receiving social security disability benefits and a letter from his treating physician, Dr. Bradley Bittle.  (Id.).  On August 10, 2010 and November 1, 2010, Plaintiff's counsel sent letters to the Plan inquiring about the status of his appeal.  (Marcum Aff., ¶¶16-17; Compl., ¶11).  On December 3, 2010, the Plan denied Plaintiff's appeal of the denial of Rule of 65 benefits.  (Marcum Aff., ¶19).  The Plan supported its denial of Plaintiff's benefits with a second opinion from MRI. (Id.).  On December 17, 2010, Noranda informed Plaintiff that his employment was terminated, effective December 20, 2010.  (Marcum Aff., ¶20).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986).  The substantive law determines which facts are critical and which are irrelevant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Only disputes over facts that might affect the outcome will properly preclude

---

[3]Several jurisdictions have relied on opinions by MRI external reviews to support an insurer or employee benefit plan's denial of benefits.  See Houser v. Alcoa, Inc., No. 10-160, 2010 U.S. Dist. LEXIS 128281, at *26 (W.D. Pa. Dec. 6, 2010); Jacobs v. Guardian Life Ins. Co. of Am., 730 F. Supp. 2d 830, 850 (N.D. Ill. 2010); Warner v. Eaton Corp., No. 8:07CV468, 2009 U.S. Dist. LEXIS 12950, at *25 (D. Neb. Feb. 19, 2009).

summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258. "[A] properly supported motion for summary judgment is not defeated by self-serving affidavits." Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006) (citing Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005)).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex Corp., 477 U.S. at 331, n.2. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

## **DISCUSSION**

### I. STANDARD FOR ERISA CASE

When a plan reserves discretionary power to construe uncertain terms or to make eligibility determinations the administrator's decision is reviewed only for "abuse of his discretion" by the district court. Manning v. Am. Republic Ins. Co., 604 F.3d 1030, 1038 (8th Cir. 2010) (internal citations omitted); Phillips-Foster v. UNUM Life Ins. Co. of Am., 302 F.3d 785, 794 (8th Cir. 2002) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 103 L. Ed. 2d 80, 109 S. Ct. 948 (1989)). Under the abuse of discretion standard, the court must affirm the plan administrator's

interpretation of the plan unless it is arbitrary and capricious. Manning, 604 F.3d at 1038 (citing Midgett v. Wash. Group Int'l Long Term Disability Plan, 561 F.3d 887, 896-97 (8th Cir. 2009)).

Plaintiff notes that a plan's decision is not entitled to deference where the plan engaged in a serious procedural irregularity which caused a serious breach of the administrator's fiduciary duty to the participant. (Reply, p. 1) (citing Buttram v. Cent. States, S.E. & S.W. Areas Health & Welfare Fund, 76 F.3d 896, 899-900 (8th Cir. 1996)). According to 29 C.F.R. §2560.503-1(h)(4)(i), "the plan administrator shall notify a claimant ... of the plan's benefit determination on review within a reasonable period of time, but not later than 60 days after receipt of the claimant's request for review by the plan[.]" See also Compl., ¶13. "In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 C.F.R. §2560.503-1(l); Compl., ¶14. Plaintiff argues that Defendants are not entitled to the abuse of discretion standard because they did not respond timely to Plaintiff's appeal of the denial of his Rule of 65 benefits--despite three letters from Plaintiff's counsel.

Defendants, however, assert that they remain entitled to the deferential standard of review despite their untimely response to Plaintiff's appeal. Under Eighth Circuit law, "'the mere presence of a procedural irregularity is not enough to strip a plan administrator of the deferential standard of review.'" Menz v. P&G Health Care Plan, 520 F.3d 865, 869 (8th Cir. 2008)(quoting McGarrah v. Hartford Life Ins. Co., 234 F.3d 1026, 1031 (8th Cir. 2000). "A less deferential standard is only warranted when a beneficiary shows that the plan administrator, 'in the exercise of its power, acted dishonestly, acted from an improper motive, or failed to use judgment in reaching its decision.'"

Menz, 520 F.3d at 869 (quoting Neumann v. AT&T Communs., Inc., 376 F.3d 773, 781 (8th Cir. 2004)). In addition, the irregularity "must have some connection to the substantive decision reached . . . ." Buttram, 76 F.3d at 901. Defendants assert that their delayed response to Plaintiff's appeal does not rise to the level of breach of a fiduciary duty to warrant a less deferential standard of review.

The Court finds that the Plan's delay in responding to Plaintiff's appeal does not rise to the level of a serious procedural irregularity sufficient to preclude deference to the Plan's determination. Plaintiff does not identify conduct that caused a serious breach of the administrator's fiduciary duty to him. Plaintiff does not point to any evidence the Defendants acted with any improper motive or failed to use judgment in denying Plaintiff's Rule of 65 benefits. Moreover, the Court does not find that procedural irregularity affected the substantive decision reached. That is, Plaintiff's appeal does not differ greatly from the original denial of benefits. The denials were both based upon opinions by MRI. The MRI reports both held that Plaintiff did not meet the definition of disability under the Plan. (ECF No. 38-10, p. 3). Both reports held that although Plaintiff's OSA was not treated successfully with Bi-PAP, Plaintiff had not tried alternative interventions or therapies such as other modes of Bi-PAP, weight loss, or improved compliance with his C-Pap/Bi-Pap. (ECF No. 38-10, p. 10). In both instances, the MRI reviewer determined that it cannot be said that Plaintiff has incapacity that is "permanent and continuous during the remainder of his life." (Id.).

Thus, the Court finds that Plaintiff has failed to demonstrate that Defendants' untimely response to Plaintiff's appeal constituted a serious breach of their fiduciary duty sufficient to warrant a less deferential standard of review.

## II.     Denial of Benefits

Plaintiff's Motion is premised primarily on his position that the Plan's determination is not entitled to any deference because the Plan did not respond to Plaintiff's appeal within the statutory

time period. Plaintiff, however, also posits that his evidence demonstrates that he is entitled to Rule of 65 benefits under the Plan. (Memorandum in Support of Plaintiff's Motion for Summary Judgment ("Memorandum"), ECF No. 38, p. 6). Plaintiff asserts that his physician, Dr. Bittle, refuted the May 20, 2010 MRI opinion that Plaintiff was not disabled. Dr. Bittle opined that the alternative therapies suggested in the MRI opinion were not viable options. Specifically, Dr. Bittle claimed that the auto-Pap was inferior to the Bi-Pap, Plaintiff's current therapy. (Memorandum, p. 7; Marcum Aff., ¶7). In addition, Dr. Bittle asserted that Plaintiff was not to blame for his problems with compliance because he pulled off the Bi-Pap mask in the middle of the night during his frequent panic attacks. (Id.). Moreover, Dr. Bittle stated that surgery and weight loss usually are not successful with patients who suffer from as severe OSA as Plaintiff's problem. (Id.). Likewise, dental appliances are not practical for Plaintiff because they are often expensive and not covered by private insurance. (Id.). Finally, Dr. Bittle reviewed the Basis Agreement and reiterated that Plaintiff's condition presented an unreasonable risk for him to work in his current position or any other job covered under the Basic Agreement. (Id.).

In response, Defendants assert that Plaintiff has not provided adequate evidence that his OSA cannot be managed by complying with prescribed treatments. (Response, p. 14; Boehme Dec., ¶12, Exhibit G). Defendants provide two MRI reports that discern that Plaintiff has not complied with prescribed treatments for OSA and alternative treatments reasonably had not been explored with the patient. After these professionals conducted a thorough review of Plaintiff's complete medical file, the MRI reviewers determined other possible interventions must be considered to ascertain whether Plaintiff's incapacity is permanent and continuous for the remainder of his life. (Response, pp. 3-4). In addition, Defendants criticize Dr. Bittle for not providing any support beyond his opinion that Bi-

Pap is superior to the auto-Pap. (Response, p. 14). Finally, Dr. Bittle failed to consider the effect of Xanax on Plaintiff's anxiety attacks and compliance with the Bi-Pap. (Response, p. 12).

Thus, both sides have provided contradictory evidence regarding whether Plaintiff is permanently and totally disabled under the Plan. Plaintiff has failed to demonstrate that the Plan's determination that Plaintiff is not disabled was an abuse of discretion, particularly given the deferential standard of review afforded to the plan administrator's decision. This case presents an issue of material fact regarding whether Plaintiff is disabled and entitled to Rule of 65 benefits. The Court denies Plaintiff's Motion for Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion Under Rule 56(d) for Additional Discovery (ECF No. 43) is **DENIED** as moot.

Dated this   15th   day of September, 2011.


/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE