UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES MARCUM, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:10CV2217 JCH |
| ) | |
| RETIREMENT PLAN FOR HOURLY- ) | |
| RATED EMPLOYEES OF NORANDA ) | |
| ALUMINUM, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Limit Discovery to the Administrative Record, filed January 24, 2012. (ECF No. 58). The matter is fully briefed and ready for disposition.

In his lawsuit, Plaintiff alleges Defendants improperly denied his application for early retirement benefits. Defendants' motion argues the Court should prohibit Plaintiff from obtaining any additional discovery outside of the administrative record. In response, Plaintiff asserts additional discovery is permitted where a plan administrator both determines whether a participant is eligible for benefits and pays benefits, as such a plan administrator operates under a conflict of interest. According to Plaintiff, discovery is permissible to determine the nature of the conflict of interest.

In ERISA cases, the general rule is that review is limited to the administrative record created during the decision-making process. LaSalle v. Mercantile Bancorporation, Inc. Long Term Disability Plan, 498 F.3d 805, 811 (8th Cir. 2007). Defendants cite to Jones v. ReliaStar Life Ins. Co., 615 F.3d 941, 945 (8th Cir. 2010), in which the Eighth Circuit upheld the district court's refusal to permit discovery where the defendant admitted it was both the insurer and administrator of the

plan. Since the conflict was conceded, the Eighth Circuit found discovery unnecessary to establish the existence of the conflict, and the Eighth Circuit determined that the administrative record was sufficient to fairly evaluate the defendant's decision. Id.

Here, Defendants have conceded the existence of a conflict. Under the Eighth Circuit's analysis in Jones, therefore, discovery is unnecessary. Plaintiff has presented no evidence to show why Jones should not govern the Court's decision in this case. Furthermore, Plaintiff has not shown why the wide-ranging discovery sought from Defendants is appropriate in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Limit Discovery to the Administrative Record (ECF No. 58) is **GRANTED**.

Dated this 22nd day of February, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE