UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES MARCUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV2217 JCH |
| ) | |
| RETIREMENT PLAN FOR ) | |
| HOURLY-RATED EMPLOYEES OF ) | |
| NORANDA ALUMINUM ) | |
| ) | |
| and ) | |
| ) | |
| NORANDA ALUMINUM, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Summary Judgment, filed on February 23, 2012. (ECF No. 64). This matter is fully briefed and ready for disposition.

**BACKGROUND**

Defendant Noranda Aluminum, Inc. ("Defendant" or "Noranda") is an aluminum company with its principal place of business and headquarters in Tennessee. (Defendants' Statement of Undisputed Facts ("Defendants' SUF"), ECF No. 66, ¶ 1, citing Ex. A, ¶ 3). Plaintiff is a former employee of Defendant who worked at the company's facility in New Madrid, Missouri. (Id., ¶ 8, citing Ex. A, ¶ 10). The Retirement Plan for Hourly-Rated Employees of Noranda Aluminum ("the Plan") is an Employee Benefits Plan which provides pension benefits to qualified Noranda bargaining unit employees at the New Madrid facility. (Id., ¶ 2, citing Ex. A, ¶ 4).

One of the benefits provided by the Plan to eligible employees is a disability retirement provision referred to as the Rule of 65 ("Rule 65"). (Id., ¶ 3, citing Ex. A, ¶ 7, and Ex. D). The Plan expressly empowers the Plan Administrator with discretion to determine eligibility for Rule 65

benefits and to construe the terms of the Rule 65 benefits program. (Id.). In order to qualify for Rule 65 benefits, an employee must meet the following criteria:

(a) have at least 20 years of vesting service on the last day of work;

(b) have been absent from work for two years (or Noranda determines that his return to work is unlikely before the two-year period is complete) due to disability or layoff and Noranda determines that the disability is permanent and total; and

(c) age plus years of service at the end of the period of absence equals or exceeds 65.

(Id., ¶ 4, citing Ex. A, ¶ 5, and Ex. B).

The Plan defines "permanent and total disability" as a "permanent incapacity that prevents you from engaging in any employment or occupation of type covered by the Basic Agreement and, in the opinion of a qualified physician, such incapacity will be permanent and continuous during the remainder of his life...." (Id., ¶ 5, citing Ex. A, ¶ 5, and Ex. C). The Plan contracts with the Medical Review Institute of America ("MRIOA"), an external review network, to conduct independent medical reviews of plan participant applications for Rule 65 benefits. (Id., ¶ 7, citing Ex. A, ¶ 9).

Plaintiff started working at Noranda in 1988. (Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment ("Response in Opposition"), ECF No. 67, p. 1, citing Supp. Marcum Aff., ¶ 2). On February 28, 2007, Plaintiff sustained a work injury. (Id., pp. 1-2, citing Supp. Marcum Aff., ¶ 2). At this time, Plaintiff worked as a crane operator. (Id., p. 2, citing Supp. Marcum Aff., ¶ 2). Plaintiff had previously been diagnosed with sleep apnea, but his symptoms became worse while he was recovering from his work injury, and Plaintiff was unable to return to work. (Id., citing Supp. Marcum Aff., ¶ 4). Plaintiff became entitled to Social Security disability benefits in August 2008. (Id., citing Supp. Marcum Aff., ¶ 5, and Ex. 4).

On April 15, 2009, Plaintiff was terminated by Noranda because he had been absent from work for more than one year. (Id., citing Supp. Marcum Aff., ¶ 6, and Ex. 4). Although Plaintiff's

employment was reinstated effective April 15, 2009, he was ultimately terminated again on December 20, 2010. (Id., citing Supp. Marcum Aff., ¶ 7).

Plaintiff applied for Rule 65 benefits on November 2, 2009, based on severe obstructive sleep apnea ("OSA") with residual daytime hypersomnia. (Plaintiff's Response to Defendant's Statement of Undisputed Facts ("Response to SUF"), ECF No. 68, ¶ 9). On March 25, 2010, the Plan Administrator notified Plaintiff that he was not eligible for Rule 65 benefits because he was not permanently disabled under the terms of the Plan. (Defendants' SUF, ¶ 11, citing Ex. A, p. 12, and Ex. E). This determination was based on medical information submitted by Plaintiff, an independent review of Plaintiff's medical records by the MRIOA, and a review of the case by the Plan Administrator. (Id.). The MRIOA review noted that Plaintiff struggled to comply with prescribed treatments for OSA and that alternative treatments had not been explored reasonably with Plaintiff's own attending health care providers. (Id., ¶ 12, citing Ex. E).[1] The review also noted that "[o]nce compliance is ensured, it may be possible to ascertain the incapacity is permanent and continuous during the remainder of life.  Thus it is the conclusion that there are other possible interventions to consider before this can be determined a complete disability." (Id.).

On May 20, 2010, Plaintiff appealed the denial of his application for Rule 65 benefits. (Id., ¶ 13, citing Ex. A, ¶ 13, and Ex. F). In support of Plaintiff's appeal, Plaintiff included documents indicating that he had been receiving Social Security disability, a letter from treating physician Dr. Bradley K. Bittle refuting the MRIOA opinion, and a letter from Noranda superintendent Rick

---

[1]Specifically, the review noted Plaintiff had been prescribed positive pressure ventilation but that the administration of the ventilation was "suboptimal because of poor mask fit and patient noncompliance." (Ex. 6, ECF No. 65-6, p. 5).  The review stated that the possibility of the "mandibular advancement device has not been tried in this patient," and that "other modes of Bi-PAP...have not been explored." (Id.).  The review also indicated that weight loss "has not been discussed," and that "compliance remains a problem." (Id.).

Eisenbach admitting Plaintiff's inability to perform his work duties.  (Response in Opposition, pp. 3-4).  According to Dr. Bittle, the prescribed treatment of weight loss would not be helpful given the severity of Plaintiff's condition, and oral appliances were impractical given Plaintiff's finances.  (Response to SUF, citing Supp. Marcum Aff., ¶ 14, and Ex. 4).

On December 3, 2010, the Plan notified Plaintiff that his appeal had been denied.  (Defendants' SUF, ¶ 14, citing Ex. A, ¶ 14, and Ex. G).  The denial of Plaintiff's appeal was based on additional information submitted by Plaintiff and a subsequent review of his original medical file by a second MRIOA physician on August 13, 2010.  (Id., ¶ 14, citing Ex. G).  The second MRIOA review concluded Plaintiff's OSA and morbid obesity could be treated.  (Id., ¶ 16, citing Ex. G).  The review noted that Plaintiff's "noncompliance with available effective treatment is not a disability according to the plan language as the noncompliance is not permanent or continuous unless the claimant chooses to be noncompliant."  (Id.).

Plaintiff filed this action against Noranda and the Plan in this Court on November 29, 2010.  Plaintiff's Complaint seeks Rule 65 disability benefits under the Plan retroactive to December 1, 2009.  As noted previously, Defendants filed the Motion for Summary Judgment on February 23, 2012.

## STANDARD FOR SUMMARY JUDGMENT

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The substantive law determines which facts are critical and which are irrelevant.  Only disputes over facts that might affect the outcome will properly preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." FED. R. CIV. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

The Eighth Circuit has held that, "[u]nder ERISA, a plan participant may bring a civil action to 'recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" Pralutsky v. Metropolitan Life Ins. Co., 435 F.3d 833, 837 (8th Cir. 2006). When a plan reserves discretionary power to construe uncertain terms or to make eligibility determinations, the administrator's decision is reviewed only for "abuse of his discretion" by the district court. Manning v. Am. Republic Ins. Co., 604 F.3d 1030, 1038 (8th Cir. 2010) (internal citations omitted); Phillips-Foster v. UNUM Life Ins. Co. of Am., 302 F.3d 785, 794 (8th Cir. 2002) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). Under the abuse of discretion standard, the court must affirm the plan administrator's interpretation of the plan unless it is arbitrary and capricious. Manning, 604 F.3d at

1038 (citing Midgett v. Wash. Group Int'l Long Term Disability Plan, 561 F.3d 887, 896-97 (8th Cir. 2009)). Where the administrator having discretion is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion. Firestone, 489 U.S. at 115.

As all parties have acknowledged, the Court has previously held that the proper standard of review in this case is the abuse of discretion standard, with the Plan Administrator's conflict of interest as one factor to consider in determining whether the Plan Administrator abused its discretion. Accordingly, the Court will evaluate Defendants' benefits decision for the abuse of discretion.

Upon consideration of the record before it, the Court cannot say the Plan Administrator abused its discretion by denying Plaintiff Rule 65 benefits. The Plan defines a "permanent and total disability" as a "permanent incapacity that prevents you from engaging in any employment or occupation of type covered by the Basic Agreement and, in the opinion of a qualified physician, such incapacity will be permanent and continuous during the remainder of his life...." (ECF. No. 65-4, p. 1). Defendants presented independent opinions from two MRIOA physicians who reviewed Plaintiff's medical records and determined that Plaintiff was noncompliant with prescribed treatments for Plaintiff's OSA and that reasonable alternative treatments had not been explored with Plaintiff.[2] According to these physicians, Plaintiff was not suffering from a "disability" under the terms of the Plan since his noncompliance with prescribed treatments could not be the basis for a finding of permanent and continuous incapacity. Even taking the Plan Administrator's conflict of interest into account, these circumstances constitute far more than a "scintilla of evidence" refuting Plaintiff's

---

[2]As the Court previously noted in its Order denying Plaintiff's Motion for Summary Judgment (ECF No. 52), several jurisdictions have relied on opinions by MRIOA external reviews to support an insurer or employee benefit plan's denial of benefits. See Houser v. Alcoa, Inc., No. 10-160, 2010 U.S. Dist. LEXIS 128281, at *26 (W.D. Pa. Dec. 6, 2010); Jacobs v. Guardian Life Ins. Co. of Am., 730 F. Supp. 2d 830, 850 (N.D. Ill. 2010); Warner v. Eaton Corp., No. 8:07CV468, 2009 U.S. Dist. LEXIS 12950, at *25 (D. Neb. Feb. 19, 2009).

treating physician's opinion that Plaintiff was completely unable to work. See House v. Paul Revere Life Ins. Co., 241 F.3d 1045, 1048 (8th Cir. 2001).

Plaintiff makes several arguments to support his contention that a genuine issue of material fact exists as to whether he is not entitled to Rule 65 benefits. First, Plaintiff argues that since this Court previously denied Plaintiff's Motion for Summary Judgment (ECF No. 37) on the grounds that there was an issue of material fact as to whether Plaintiff was entitled to Rule 65 benefits, an issue of material fact must necessarily exist as to whether Plaintiff is not entitled to Rule 65 benefits. (See ECF No. 52, p. 8). Plaintiff's assertion is incorrect.

To succeed on summary judgment, Plaintiff needed to show, viewing the facts in the light most favorable to Defendants, that Defendants' decision to deny Rule 65 benefits was arbitrary and capricious. Since Defendants presented evidence that Plaintiff is not permanently and totally disabled, a genuine issue of material fact existed as to whether Defendants' denial was arbitrary and capricious. To succeed on summary judgment, Defendants only need to show, viewing the facts in the light most favorable to Plaintiff, that Defendants' decision to deny Rule 65 was not arbitrary and capricious. Defendants' burden on summary judgment is, therefore, substantially lower than Plaintiff's burden on summary judgment. An administrator's decision will be considered reasonable if "a reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person would have reached that decision."[3] Phillips–Foster v. UNUM Life Ins. Co. of America, 302 F.3d 785, 794 (8th Cir. 2002) (quoting Donaho, 74 F.3d at 899 (abrogated on other grounds)). The administrator's decision need not be the only sensible one so long as the decision provides a reasoned explanation, based on the evidence, in support of a particular outcome. Id. Thus, evidence that

---

[3]"Abuse of discretion," "arbitrary and capricious," and "reasonable" are synonymous in the context of reviewing a denial of benefits under ERISA. West v. Aetna Life Ins. Co., 171 F.Supp.2d 856, 866 n.2 (N.D. Iowa 2001) (citing Donaho v. FMC Corp., 74 F.3d 894, 898–900 (8th Cir.1996)).

Plaintiff is not permanently and totally disabled does not consequently indicate that there is a genuine issue of fact as to whether the Plan Administrator's decision was reasonable.

Second, Plaintiff argues the "conflicting opinions of expert witnesses" preclude the entry of summary judgment in favor of Defendants. As noted previously, the possibility that a plan administrator might have reasonably arrived at a different conclusion does not render the administrator's decision arbitrary and capricious. Defendants relied on the opinions of two MRIOA physicians instead of the opinion of Plaintiff's treating physician, and Defendants' decision provided a reasoned explanation as to why the opinions of the MRIOA physicians were followed. The existence of a different medical opinion does not automatically create a genuine issue of material fact as to whether the Plan Administrator's decision to deny benefits was arbitrary and capricious.

Finally, Plaintiff points to a letter containing "admissions" from Defendants and his receipt of Social Security benefits as evidence that he is entitled to Rule 65 benefits. As the Court previously noted in its Order denying Plaintiff's Motion for Summary Judgment, the contents of this letter are irrelevant to this Court's decision regarding the propriety of the denial of Rule 65 benefits, as the letter was sent by a Noranda employee with no affiliation to the Plan, in response to Plaintiff's extended absence from work and Plaintiff's self-declared intention not to return to work, and prior to Plaintiff applying for Rule 65 benefits. Therefore, the letter could not have been the result of a review of any of Plaintiff's medical records. (See ECF No. 52). Additionally, while the Social Security Administration ("SSA") may have found Plaintiff disabled within the meaning of its regulations, a plan administrator is not bound by SSA findings of disability. See Carrow v. Standard Ins. Co., 664 F.3d 1254, 1259 (8th Cir. 2012).

In light of the foregoing, the Court finds the Plan Administrator offered a "reasonable explanation for its decision." Fletcher-Merrit, 250 F.3d at 1180; see also Johnson v. Metropolitan

Life Ins. Co., 437 F.3d 809, 814 (8th Cir. 2006) (citation omitted) ("When there is a conflict of opinion between a claimant's treating physicians and the plan administrator's reviewing physicians, the plan administrator has discretion to deny benefits unless the record does not support denial."). The MRIOA reports constituted substantial evidence supporting the Plan Administrator's decision. See Carrow, 664 F.3d at 1259.  Even if another reasonable interpretation exists, the Plan's decision to deny Plaintiff benefits was not arbitrary and capricious, and this Court "may not simply substitute its opinion for that of the plan administrator."  Fletcher-Merrit, 250 F.3d at 1180; see also Rittenhouse, 476 F.3d at 632 (internal quotations and citation omitted) ("[The Plan's] decision is supported by substantial evidence, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").  Defendant's Motion for Summary Judgment must therefore be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 64) is **GRANTED**.  An appropriate Judgment will accompany this Memorandum and Order.


Dated this   30th   day of May, 2012.


/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE