UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES MARCUM, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:10CV2217 JCH |
| ) | |
| RETIREMENT PLAN FOR HOURLY- ) | |
| RATED EMPLOYEES OF NORANDA ) | |
| ALUMINUM, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Costs, filed on June 12, 2012. (ECF No. 74). This matter is fully briefed and ready for disposition.

**BACKGROUND**

On May 30, 2012, this Court granted Summary Judgment in favor of Defendants. (ECF Nos. 72, 73). On June 12, 2009, Defendants filed this Motion for Costs seeking $102.20 in costs. (ECF No. 74). Defendants made 601 copies in efforts to defend this action, and based on a rate of $0.20 per page, Defendants incurred $102.20 in copying costs. Defendants are not seeking any additional costs.

**DISCUSSION**

Costs other than attorneys' fees "should be allowed to the prevailing party." FED. R. CIV. P. 54(d); see also 28 U.S.C. § 1920 (enumerating costs that are recoverable).[1] "Federal courts are

---

[1] 28 U.S.C. § 1920 provides as follows:
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

bound by the limitations set out in section 1920." 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 957 (8th Cir. 2007) (citations omitted).  Although there is a presumption that the prevailing party is entitled to its costs, the district court has "substantial discretion" in awarding costs.  Marmo v. Tyson Fresh Meats, 457 F.3d 748, 762 (8th Cir. 2006) (citing Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000)); Bathke v. Casey's Gen. Stores, 64 F.3d 340, 347 (8th Cir. 1995) (appellate court reviews district court award for "abuse of discretion").  "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion.'"  168th & Dodge, LP, 501 F.3d at 958 (quoting Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005)).

Upon consideration, the Court will grant Defendants' Motion for Costs.  Copy and exemplification fees may be awarded if the fees were incurred for items "necessarily obtained" for use in the case. 28 U.S.C. § 1920(4).  Plaintiff's sole objection to Defendants' Motion for Costs is that "additional fees would create a hardship."  (Response to Motion for Costs, ECF No. 83, ¶ 4).  The Court finds this objection is insufficient to overcome the presumption that Defendants, as the prevailing parties, are entitled to their costs in this matter.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Costs (ECF No. 74) is **GRANTED**.

---

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**IT IS FURTHER ORDERED** that costs are taxed against Plaintiff and in favor of Defendants in the amount of $102.20.


Dated this  13th  day of August, 2012.


                                        /s/Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE